**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **LACHANDERA D PIERCE,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **VS.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **HUB GROUP ASSOCIATES, INC,** | ) | |
| **D/B/A MARTEN TRANSPORT,** | ) | |
| **RANDY L SEXTION,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## COMPLAINT

## PARTIES

1) Plaintiff Lachandera D Pierce (hereinafter referred to singularly as "Plaintiff Pierce" is an individual over the age of nineteen (19) years and is a resident of Autauga County, Alabama.

2) Defendant Hub Group Associates, Inc d/b/a Marten Transport, (hereinafter referred to singularly as "Defendant Hub" or together with other named Defendants), is a foreign corporation who is incorporated in Delaware, whose nerve center, where its officers direct, control, and coordinate the corporation's activities, is in Illinois, and may be served with process of this Court through its registered

agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703. Defendant was owner or renter of the commercial vehicle being driven by Randy L Sextion the occasion of the incident made the basis of this lawsuit. Defendant Hub was the owner or renter of the commercial vehicle on a public roadway which caused the incident made the basis of this lawsuit.

3) Defendant Randy L. Sextion (hereinafter referred to singularly as "Defendant Sextion" or together with other named Defendants and Fictitious Defendants as "Defendants") is an individual over the age of nineteen (19) years and is a resident of Arabi, Louisiana.

4) Plaintiff brings her claims pursuant to 28 U.S.C. § 1332. Plaintiff's damages and the amount in controversary between Plaintiff and Defendants exceeds $75,000.00.

## FACTUAL BACKGROUND

5) At approximately 6:45 p.m. on October 13th, 2025, at or near the intersection of I-65 and Cobbs Ford Road in Elmore County, Alabama, a commercial vehicle owned or rented by one or more Defendants and driven by Defendant Sextion crashed into a vehicle driven by Plaintiff Pierce

6) At the same time and place as described in paragraph five (5),

Defendant Sextion was the agent and/or employee working in the line and scope of his agency and/or employment for Defendant Hub.

7) At the same time and place of said accident as described in paragraph five (5), Defendant Sextion, as an agent of Defendant Hub, was operating the 2024 KW T680 (VIN#1XKYD49X6RJ329232) commercial motor vehicle (hereinafter the "commercial motor vehicle") which was owned or rented by one or more of the Defendants.

8) At the same time and place of said accident, Defendant Sextion, as an agent of the Defendant Hub, was operating the commercial motor vehicle which was owned or rented by one or more of the Defendants with the consent and permission of said Defendants.

9) As a result of the collision described in paragraph five (5), Plaintiff Pierce suffered significant and permanent physical injuries and disabilities as set forth below. Plaintiff Pierce was injured and damaged various ways, including but not limited to the following:

a. She suffered injury to various portions of her body including but not limited to her head, neck, back, and left arm;
b. She suffered pain to various portions of her body;
c. She was knocked, shocked, bruised and contused over various portions of her body;

d. She was permanently injured and damaged;

e. She suffered great mental anguish;

f. She was caused to incur expenses for treatment from various doctors, physicians, and hospitals;

g. She will continue to incur expenses for treatment from various doctors, physicians and hospitals;

h. She was caused to incur aggravation and or exacerbation to then exiting conditions that she either did or did not know of at the time of this wreck;

i. She was caused to suffer lost wages; and

j. Her vehicle was torn, twisted and diminished in value as a result of this accident.

**COUNT I – NEGLIGENCE**

10) Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

11) At the aforesaid time and place as described in paragraph five (5), Defendant Sextion negligently operated the commercial motor vehicle causing a collision with Plaintiff Pierce. Said negligent conduct was a proximate cause of

Plaintiff's injuries and damages described in paragraph nine (9).

12) At the aforesaid time and place as described in paragraph five (5), Defendant Sextion was acting in the line and scope of his employment and/or agency for Defendant Hub when he caused the collision with Plaintiff Pierce.

13) Defendant Hub:

a. negligently operated a commercial carrier with inadequate safety management controls;

b. negligently entrusting a vehicle to an incompetent driver with knowledge of said driver's incompetence;

c. negligently hired and selected the operator of the commercial vehicle that was involved in the collision with the Plaintiff Pierce;

d. failed to properly train the operator of the commercial vehicle was involved in the collision with the Plaintiff Pierce;

e. failed to supervise and monitor the operator of the commercial vehicle was involved in the collision with the Plaintiff Pierce;

f. used an unskilled, unknowledgeable, unqualified or disqualified driver;

g. retained the employment of the operator of the commercial vehicle that was involved in the collision with the vehicle driven by Plaintiff Pierce;

h. violated the Federal Motor Carrier Safety Regulations;

i. violated Alabama motor vehicle statutes;

j. violated their own company policy;

k. failed to implement and enforce means to prevent its drivers and equipment from operating unsafely or in violation of applicable laws, regulations and/ or rules that a reasonable, prudent motor carrier would have implemented and enforced;

l. failed to maintain the commercial vehicle, including the equipment thereon, that was involved in the collision with the Plaintiff Pierce's vehicle;

m. failed to ensure that the commercial vehicle that that was involved in the collision with the Plaintiff Pierce's vehicle had the parts and accessories necessary for safe operation;

n. failed to inspect the commercial vehicle, including the equipment thereon, that was involved in the collision with the Plaintiff Pierce;

o. committed other such acts and omissions as will be shown through discovery and proven at the trial of this action.

Said negligent conduct was a proximate cause of Plaintiff Pierce's injuries and damages described in paragraph nine (9).

WHEREFORE, PREMISES CONSIDERED, Plaintiff Pierce demands judgment against the above-referenced Defendant Sextion and Defendant Hub for general and compensatory damages that the Court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff Pierce requests that the jury selected to hear this case render a verdict for Plaintiff Pierce and against each Defendant, and that it award punitive damages to Plaintiff Pierce in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

**COUNT II – WANTONNESS**

14) Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

15) At the aforesaid time and place as described in paragraph five (5), Defendant Sextion wantonly operated the commercial motor vehicle causing a collision with Plaintiff Pierce. Said wanton conduct was a proximate cause of Plaintiff Pierce's injuries and damages described in paragraph nine (9).

16) At the aforesaid time and place as described in paragraph five (5), Defendant Sextion was acting in the line and scope of his employment and/or agency for Defendant Hub when he caused the collision with Plaintiff Pierce.

17) Defendant Hub:

a. wantonly operated a commercial carrier with inadequate safety management controls;

b. wantonly entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;

c. wantonly hired and selected the operator of the commercial vehicle that was involved in the collision with the Plaintiff;

d. wantonly failed to properly train the operator of the commercial vehicle was involved in the collision with the Plaintiff;

e. wantonly failed to supervised and monitored the operator of the commercial vehicle was involved in the collision with the Plaintiff;

f. wantonly used an unskilled, unknowledgeable, unqualified or disqualified driver;

g. wantonly retained the employment of the operator of the commercial vehicle that was involved in the collision with the vehicle driven by Plaintiff;

h. wantonly violated the Federal Motor Carrier Safety Regulations;

i. wantonly violated Alabama motor vehicle statutes;

j. wantonly violated their own company policy;

k. wantonly failed to implement and enforce means to prevent its drivers and equipment from operating unsafely or in violation of applicable laws, regulations and/ or rules that a reasonable, prudent motor carrier would have implemented and enforced;

l. wantonly failed to maintained the commercial vehicle, including the equipment thereon, that was involved in the collision with the Plaintiff Pierce's vehicle;

m. wantonly failed to ensure that the commercial vehicle that that was involved in the collision with the Plaintiff Pierce's vehicle had the parts and accessories necessary for safe operation;

n. wantonly failed to inspect the commercial vehicle, including the equipment thereon, that was involved in the collision with the Plaintiff Pierce's vehicle;

o. wantonly committed other such acts and omissions as will be shown through discovery and proven at the trial of this action.

Said wanton conduct was a proximate cause of Plaintiff Pierce's injuries and damages described in paragraph nine (9).

WHEREFORE, PREMISES CONSIDERED, Plaintiff Pierce demands judgment against the above-referenced Defendant Pierce and Defendant Pierce for general and compensatory damages that the Court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff Pierce requests that the jury selected to hear this case render a verdict for Plaintiff Pierce and against each Defendant, and that it award punitive damages to Plaintiff Pierce in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

*PLAINTIFF DEMANDS TRIAL BY JURY*

Respectfully Submitted,

s/Brian A. Traywick
Brian A. Traywick
Bar Number: 6896O22L
Attorney for Plaintiff Lachandera Pierce
SHUNNARAH TRIAL ATTORNEYS
2201 4th Avenue North
Birmingham, Alabama 35203
Phone: 205-203-4056
Facsimile: 205-203-4057
Email: btraywick@asilpc.com

Plaintiff's Address:
Lachandera Pierce
c/o Brian A. Traywick
Shunnarah Trial Attorneys
2201 4th Avenue North
Birmingham, Alabama 35203

**REQUEST FOR SERVICE BY CERTIFIED MAIL**

Pursuant to ARCP 4.1, 4.2 and Fed. R. Civ. P. Rule 4(c), Plaintiff Pierce requests service of the foregoing "Summons and Complaint" by special certified mail, addressed as follows:

Hub Group Associates, Inc d/b/a Marten Transport
c/o Illinois Corporation Service Company
801 Adali Stevenson Drive
Springfield, Illinois 62703

Randy L Sextion
105 Llama Drive
Arabi, Louisiana 70032